AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☑ INFORMATION   ☐ INDICTMENT   ☐ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

FILED
2007 DEC -7 AM 9:55
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

### OFFENSE CHARGED

Count 1: 18 U.S.C. 371
Count 2: 8 U.S.C. Sec. 1324(a)(1)(A)(ii) )(1) and 18 U.S.C. Sec. 2

☐ Petty
☐ Minor
☐ Misdemeanor
☑ Felony

E-filing

**PENALTY:**
Count 1: 5 years imprisonment, $250,000 fine, 2 years supervised release, and $100 special assessment
Count 2: 10 years imprisonment, $250,000 fine, 3 years supervised release, and $100 special assessment

**DEFENDANT - U.S.**

▶ JULIO LOPEZ MORALES

**DISTRICT COURT NUMBER**

CR07-0777  MJJ

### PROCEEDING

Name of Complaintant Agency, or Person (&Title, if any)

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
    ☐ U.S. Att'y  ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant

☑ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

SHOW DOCKET NO.

MAGISTRATE CASE NO. 07-70433 WDB

Name and Office of Person Furnishing Information on THIS FORM   **SCOTT N. SCHOOLS**
☑ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y (if assigned)   H. H. (SHASHI) KEWALRAMANI

### DEFENDANT

**IS NOT IN CUSTODY**
1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶ _____
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

Northern District of California

**IS IN CUSTODY**
4) ☑ On this charge
5) ☐ On another conviction
6) ☐ Awaiting trial on other charges  } ☐ Fed'l  ☐ State

If answer to (6) is "Yes", show name of Institution

Has detainer been filed?  ☐ Yes  ☐ No  } If "Yes" give date filed _____

DATE OF ARREST ▶ 8/30/2007

Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED TO U.S. CUSTODY ▶ _____

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

**PROCESS:**
☐ SUMMONS  ☑ NO PROCESS*  ☐ WARRANT   Bail Amount: _____

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____
Before Judge: _____

Comments:

1  SCOTT N. SCHOOLS (SC 9990)
   United States Attorney

FILED
2007 DEC -7 AM 9:55

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

MJJ

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JULIO LOPEZ MORALES,<br>  a/k/a Favio Morales,<br>  a/k/a Fabio Julio Lopez Morales,<br>  a/k/a Flavio Julio Lopez Morales,<br><br>    Defendant. | CR 07-0777<br><br>VIOLATIONS: 18 U.S.C. § 371 - Conspiracy; 8 U.S.C. §§ 1324(a)(1)(A)(ii) and 1324(a)(1)(B)(i) – Illegal Transportation Of An Alien For Commercial Advantage And Private Financial Gain and 18 U.S.C. § 2 - Aiding and Abetting<br><br>OAKLAND VENUE |

## INFORMATION

The United States Attorney charges:

### BACKGROUND

At all times relevant to this indictment:

1. An alien woman ("Victim") was smuggled from Guatemala into the United States and then transported from Arizona to the Northern District of California.

2. The Victim had a boyfriend ("Boyfriend") in the United States who arranged for the Victim and the Victim and Boyfriend's son to be smuggled into the United States and then transported from Arizona to the Northern District of California.

3. A conspirator located in Mexico or Guatemala ("Conspirator 1") arranged the terms with the Boyfriend under which the Victim and the Victim's son would be smuggled from Guatemala

INFORMATION

to the United States.

4. A conspirator located in Arizona ("Conspirator 2") arranged additional terms with the Boyfriend under which the Victim and the Victim's son would be transported to the Northern District of California.

COUNT ONE:        (18 U.S.C. § 371 - Conspiracy)

5. Beginning on a date unknown, but no later than in or about January 2007, and continuing until on or about February 2, 2007, in the Northern District of California and elsewhere, the defendant,

JULIO LOPEZ MORALES,
a/k/a Favio Morales,
a/k/a Fabio Julio Lopez Morales,
a/k/a Flavio Julio Lopez Morales,

did conspire with others known and unknown to (a) illegally transport an alien for commercial advantage and private financial gain, in violation of Title 8, United States Code, Section 1324, and (b) to commit hostage taking, in violation of Title 18, United States Code, Section 1203.

6. In furtherance of the conspiracy and to attain the objects thereof, the following overt acts, among others, were committed in the Northern District of California and elsewhere:

   a. In or about January 2007, Conspirator 1 told the Boyfriend that it would cost $35,000 Guatemalan, which is approximately $4,000 U.S., per person to transport the Victim and the Victim's son into the United States.

   b. In or about January 2007, Conspirator 1 told the Boyfriend that the Boyfriend would need to pay $15,000 Guatemalan up front to smuggle the Victim and the Victim's son into the United States.

   c. On or about January 5, 2007, an unknown co-conspirator caused the Boyfriend to send two Unigram wires, each in the amount of $910, to pay for the Victim and the Victim's son to be smuggled into the United States.

   d. On or about January 31, 2007, an unknown co-conspirator caused two Western Union wires to be sent totalling $1,900 to various individuals in Sonora, Mexico, as payment for smuggling the Victim and the Victim's son into the United States.

INFORMATION

e. In or about February 2007, the defendant, JULIO LOPEZ MORALES, transported the Victim and the Victim's son from the Mesa, Arizona area to the Oakland, California area.

f. On or about February 2, 2007, prior to arriving in the Oakland, California area, the defendant, JULIO LOPEZ MORALES, called the Boyfriend to arrange for the location to meet and obtain additional money.

g. On or about February 2, 2007, in Oakland, California, the defendant, JULIO LOPEZ MORALES, drove to a Walgreens in the Fruitvale area where he parked in the parking lot.

h. On or about February 2, 2007, in the Walgreens parking lot, the defendant, JULIO LOPEZ MORALES, sought to collect additional money from the Boyfriend for the Victim's and the Victim's son's release.

i. On or about February 2, 2007, while in the Walgreens parking lot, the defendant, JULIO LOPEZ MORALES, placed a phone call to Conspirator 2 and asked Conspirator 2 regarding releasing the Victim. Shortly thereafter, the defendant, JULIO LOPEZ MORALES, called Conspirator 1 regarding releasing the Victim.

j. On or about February 2, 2007, after the Boyfriend refused to pay the additional money for the Victim and the Victim's son's release, the defendant, JULIO LOPEZ MORALES, refused to release the Victim and drove away from the Walgreens parking lot in Oakland, California with the Victim in the car.

k. On or about February 2, 2007, the Boyfriend received a phone call from an unknown co-conspirator and Conspirator 1, demanding $2,500 from the Boyfriend for the Victim's release.

l. On or about February 2, 2007, the defendant, JULIO LOPEZ MORALES, drove from Oakland, California to the EZ8 Motel in Fairfield, California.

m. On or about February 2, 2007, the defendant, JULIO LOPEZ MORALES, rented a room using the name Silvano M. Figueroa and took the Victim into the room.

All in violation of Title 18, United States Code, Section 371.

INFORMATION

COUNT TWO:      (8 U.S.C. §§ 1324(a)(1)(A)(ii) and 1324(a)(1)(B)(i) – Illegal Transportation Of An Alien For Commercial Advantage And Private Financial Gain; 18 U.S.C. § 2 - Aiding and Abetting)

7. On or about February 2, 2007, in the Northern District of California, and elsewhere, the defendant,

JULIO LOPEZ MORALES,
a/k/a Favio Morales,
a/k/a Fabio Julio Lopez Morales,
a/k/a Flavio Julio Lopez Morales,

knowingly and in reckless disregard of the fact that at least three aliens had come to, entered, and remained in the United States in violation of law, did knowingly transport and move those aliens within the United States by means of transportation for the purpose of commercial advantage and private financial gain and aided and abetted in such conduct, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(ii) and 1324(a)(1)(B)(i) and Title 18, United States Code, Section 2.

DATED: 12/7/07

SCOTT N. SCHOOLS
United States Attorney

W. DOUGLAS SPRAGUE
Chief, Oakland Branch Office

(Approved as to form: _____)
AUSA KEWALRAMANI
Assistant U.S. Attorney

INFORMATION